DECISION
Before this Court is Plaintiffs Kirkbrae Glen, Inc. and Gregory D. Richard's (collectively "Plaintiffs") Motion for Declaratory Judgment, wherein Plaintiffs seek for the Court to declare Resolution No. 2 of the Albion Fire District null and void, as well as require the Fire District to refund all taxes collected pursuant to that Resolution. Defendant Albion Fire District ("Defendant" or "Fire District") objects. Jurisdiction is pursuant to G.L. 1956 § 9-30-1.
 I Facts and Travel
On October 14, 2008, Defendant adopted Resolution No. 2 ("Resolution"), which established a multi-tiered tax system within the Fire District. Under this system, business and residential properties are taxed at different rates by Defendant. Specifically, the Resolution provides the following:
 "Be it resolved that we the Albion Fire District voters, assembled here on October 14, 2008 do hereby establish[] a three tier tax rate for Real Estate property @$1.05, Commercial Real Estate property @$1.27, and Tangible property @$3.00 Per thousand valuation as assessed by the Town of Lincoln. Be it further resolved that the motor *Page 2 
vehicle tax be $1.50 per thousand of valuation, with a minimum tax on real estate, commercial real estate, tangible and motor vehicles to be set at $30.00."
Plaintiff Kirkbrae Glen, Inc., a business and taxpayer in the Fire District, and Plaintiff Gregory D. Richard, a resident and taxpayer in the Fire District, filed their Complaint in this Court on October 6, 2009. Therein, Plaintiffs seek that this Court declare the Resolution's multi-tiered tax system null and void and order the return of any collected taxes under this system.
In their motion for summary judgment, Plaintiffs aver that the adoption of the multi-tiered tax system was in excess of the scope of authority of the Fire District because only cities or towns may implement tiered tax classifications. Plaintiffs further argue that G.L. 1956 § 44-5-69.1, which gives the Fire District the authority to levy taxes, demonstrates that the Fire District lacked authority to pass the Resolution because the General Assembly passed § 44-5-69.1 approximately two years following the passage of the Resolution. Moreover, Plaintiffs contend that the Resolution is null and void because Defendant failed to follow the notice requirements within Albion Fire District Resolution No. 1.
Conversely, Defendant maintains that it acted within its legal authority when creating this tax scheme because its charter conveys the power to order taxes, as well as to assess and collect taxes. In addition, Defendant contends that Resolution No. 1, the notice requirement for meetings, was not passed at a meeting with proper notice according to the adopted bylaws of the Fire District; therefore, it argues that it need not abide by the notice required within Resolution No. 1. *Page 3 
 II Standard of Review
In Rhode Island, the "Uniform Declaratory Judgments Act, G.L. 1956 chapter 30 of title 9, [UDJA] gives the Superior Court broad discretion to `declare rights, status, and other legal relations whether or not further relief is or could be claimed.'"Arnold v. Lebel, 941 A.2d 813, 817 (R.I. 2007) (quoting G.L. 1956 § 9-30-1). The Act provides that any person
 "whose rights, status, or other legal relations are affected by a statute [or] municipal ordinance . . . may have determined any question of construction or validity arising under the . . . statute [or] ordinance . . . and obtain a declaration of rights, status, or other legal relations thereunder." Section 9-30-2.
While a Court's power to declare rights "is broadly construed," its "decision to grant or to deny declaratory relief under the [UDJA] is purely discretionary." Bradford Assocs. v. Rhode Island Div. ofPurchases, 772 A.2d 485, 489 (R.I. 2001); Sullivan v.Chafee, 703 A.2d 748, 751 (R.I. 1997).
 III Analysis A The Fire District's Authority to Implement a Multi-Tier Tax System
In the instant matter, declaring the rights of the respective parties requires the consideration of § 44-5-11.8 entitled Tax Classification, within the chapter regarding the Levy and Assessment of Local Taxes. This section requires in pertinent part that "upon the completion of any comprehensive revaluation or any update, in accordance with § 44-5-11.6, *Page 4 
any city or town may adopt a tax classification plan, by ordinance, with the following limitations." Section 44-5-11.8(a).
When a statue is "`clear and unambiguous, [the Court] must enforce it as written by giving the words of the [statute] their plain and ordinary meaning.'" Pierce v. Providence Retirement Bd.,15 A.3d 957, 963 (R.I. 2011) (quoting Murphy v. Zoning Bd. ofRev. of S. Kingstown, 959 A.2d 535, 541 (R.I. 2008)). As the intent of the General Assembly can be readily deduced from the plain language of § 44-5-11.8(a), this Court need not look beyond its plain meaning. See Ryan v. City of Providence,11 A.3d 68, 73 (R.I. 2011) (finding that the court need not delve beyond the plain language of the statute because the intent of the city council could be deduced readily from the plain meaning of the ordinance's language). Moreover, courts "shall not interpret a statute to include a matter omitted unless the clear purpose of the legislation would fail without the implication." State v.Feng, 421 A.2d 1258, 1264 (citing Coastal FinanceCorp. v. Coastal Finance Corp. of N. Providence,387 A.2d 1373, 1378 (R.I. 1978); New England Die Co. v. GeneralProds. Co., 92 R.I. 292, 298, 168 A.2d 150, 154 (1961)).
The statute at issue in this matter plainly empowers cities or towns to create tax classification plans. Notably, § 44-5-11.8, excludes any mention of a fire district. As this statute is unambiguous and expresses a clear and sensible meaning, "there is no room for statutory * * * extension" to add fire districts to the statute. State v.Fuller-Balletta, 996 A.2d 133, 140 (R.I. 2010) (omission in original) (quoting McGuirl v. Anjou Int'l Co.,713 A.2d 194, 197 (R.I. 1998)); see also Cabana v.Littler, 612 A.2d 678, 684 (R.I. 1992) (stating that the power to tax is "not absolute . . . and authority to tax is granted only by unequivocal instructions found in the Rhode Island Constitution and in statutes enacted *Page 5 
by the Rhode Island legislature"). Thus, this Court cannot read the statute to include fire districts because the clear purpose of the legislation would not fail with the exclusion of fire districts.See Feng, 421 A.2d at 1264 (citations omitted). Thus, the Fire District did not have the authority, under § 44-5-11.8, to adopt a tax classification plan.
Furthermore, the Fire District's Charter provides that the Fire District has the power to "order taxes and provide for assessing and collecting on the same, on the taxable inhabitants and property in said district as [the members] shall deem necessary for purchasing and procuring real estate, buildings and implements, apparatus, other equipment,. . . ." (Def. Ex. 2, The Albion Fire District Charter, Feb. 6, 2004.) Similar to § 44-5-11.8, the Charter's plain language expresses a clear and unambiguous meaning, thus "`the task of interpretation is at an end and this [C]ourt will apply the plain and ordinary meaning of the words set forth in the [Charter].'" State v. Marsich,10 A.3d 435, 440 (R.I. 2010) (first alteration in original) (quotingState v. Smith, 766 A.2d 913, 924 (R.I. 2001)). The Charter plainly provides that the Fire District may "order taxes" and provide for "assessing and collecting" them. This Charter, however, does not empower the members of the Fire District to create a tax classification scheme. As this Court will not extend language of the Charter or § 44-5-11.8 to add to the Fire District's powers that of creating of a tax class scheme.[1] See Feng,421 A.2d at 1264 (citations *Page 6 
omitted). Accordingly, Resolution No. 2 was in excess of the Fire District's statutory authority.[2]
 B Attorney's Fees
Plaintiffs seek from this Court an order granting them attorney's fees and costs in this matter. Rhode Island courts staunchly adhere to the "`American rule' that litigants generally may be responsible for their own attorneys' fees and costs." Pearson v.Pearson, 11 A.3d 103, 108 (R.I. 2011) (internal quotations and citations omitted). Nevertheless, attorneys' fees may be awarded, "`at the discretion of the trial justice, given proper contractual or statutory authorization.'" Id. (quoting Downey v.Carcieri, 996 A.2d 1144, 1153 (R.I. 2010)). In this matter, attorneys' fees are authorized neither by statute nor by contract.[3] Therefore, in light of the facts and determinations made herein, *Page 7 
this Court finds that each party will bear its own costs and attorneys fees for the litigation of this matter.
 V Conclusion
For the foregoing reasons, this Court grants Plaintiffs Motion for Declaratory Judgment and declares Albion Fire District Resolution No. 2 null and void. Any tax payments collected under this Resolution must be credited to each payee's future Fire District taxes. Plaintiffs' request for attorneys' fees is denied. Counsel shall submit an appropriate Order for entry.
[1] This Court's conclusion is further colored by the General Assembly's adoption of § 44-5-69.1 on July 15, 2010. This section, entitled "Property tax classification — Albion Fire District" provides for the Fire District to apportion a percentage of the tax levy to one of three classes. Section 44-5-69.1. The legislature is presumed to know the state of the law when it enacts or amends a statute. State v. Greenberg, 951 A.2d 481, 491 (R.I. 2008). Thus, in enacting this section, the General Assembly is presumed to have known the language of § 44-5-11.8 and rather than enacting a repetitive section within the same chapter, it conferred a new right to create a tax classification scheme on the Albion Fire District.
[2] As the Court has concluded that neither § 44-5-11.8 nor the Fire District's Charter empowered Defendant to create a tax classification scheme, it is unnecessary for the Court to reach the argument regarding insufficient notice. Nevertheless, for discussion purposes only, this Court notes that courts must require "strict adherence to [the] unequivocal [tax] instructions" so to "assiduously protect the people from abuse of the government's taxing authority." Cabana, 612 A.2d at 684. Thus, Defendant's argument that it failed to adopt its notice requirements because it gave improper notice at the meeting during which they were adopted plainly demonstrates Defendant's failure to conform to its own requirements.
[3] The American Rule is subject to certain narrow exceptions: however, is available only in one of three narrowly defined circumstances: (1) pursuant to the "common fund exception" that "allows a court to award attorney's fees to a party whose litigation efforts directly benefit others[,]"; (2) as a sanction for the "willful disobedience of a court order"; (3) or when a party has "`acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Blue Cross Blue Shield of Rhode Island v.Najarian, 911 A.2d 706, 711 n. 5 (R.I. 2006) (quotingChambers v. Nasco, Inc., 501 U.S. 32, 45-46 (1991)). These exceptions are inapplicable to the instant matter because the Court is unaware of Defendant willfully disobeying a court order or acting in bad faith, vexatiously, wantonly, or for oppressive reasons. Moreover, the "common-fund exception" does not apply because no fund exists in this matter in which the trustee of a fund must recover his costs, including counsel fees from the fund itself or from the other beneficiaries. See Boeing Co. v. VanGemert, 444 U.S. 472, 478 (R.I. 1980); In re Nineteen AppealsArising out of the San Juan Dupont Plaza Hotel Fire Litig.,982 F.2d 603, 606 (1st Cir. 1992) (citations omitted). *Page 1